■ THE PEOPLE OF THE NEW YORK, Respondent, v GEORGE WILLIAMS, Appellant. — Appeals by defendant (1) from a judgment of the Supreme Court, Queens County (Beldock, J.), rendered September 18, 1979, convicting him of two counts of assault in the second degree and one count of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court, dated September 17, 1980, which denied his motion to vacate the judgment. Judgment and order

modified, on the law, by reversing defendant's convictions for the crimes of assault in the second degree, vacating the sentences imposed thereon, and dismissing the counts of the indictment upon which those convictions are based. As so modified, judgment and order affirmed. On these appeals defendant asserts that the testimony of the People's witnesses on the issue of identification was insufficient to prove his guilt beyond a reasonable doubt. In this regard, he also argues that his trial counsel's failure to request a *Wade* hearing deprived him of his right to effective assistance of counsel. In our view, although a *Wade* hearing should have been conducted to determine the suggestiveness of the photographic array observed by the complaining witness and his sister, an eyewitness to the attack, reversal is not required because there was a sufficient independent basis for the in-court identifications (see *Manson v Brathwaite,* 432 US 98; *People v Tillman,* 74 AD2d 911). We also find that counsel's failure to request a *Wade* hearing does not rise to the level of ineffective assistance of counsel. Clearly, counsel should have requested a hearing, but that fact alone is insufficient to order a new trial (see *People v Baldi,* 54 NY2d 137). In all other respects, counsel's conduct met the standard of reasonable competence (see *People v Baldi, supra*). We find, however, that the jury's verdict convicting defendant of two counts of assault in the second degree and acquitting him of criminal possession of a weapon in the second degree is repugnant. In determining whether a jury verdict is repugnant, the record should be reviewed only as to the jury charge to determine whether the jury, as instructed, reached an inherently contradictory verdict (see *People v Tucker,* 55 NY2d 1, 7). An examination of the charge indicates that the jury necessarily found that defendant intended to cause physical injury by means of a hand gun, but found he did not intend to use the hand gun unlawfully against another. In our view such a verdict is repugnant and cannot stand. Accordingly, the assault counts must be dismissed. Defendant's guilt of the weapons charge was proven beyond a reasonable doubt. Gibbons, J. P., Weinstein, Bracken and Boyers, JJ., concur.