■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT TYLER, Appellant. — Appeal from a judgment of the County Court of Sullivan County (Scheinman, J.), rendered March 3, 1981, upon a verdict convicting defendant of the crimes of robbery in the third degree and unlawful imprisonment in the second degree. On May 2, 1980, Mrs. Ruth King was attending a conference at the Concord Hotel in Sullivan County as a guest speaker. When the conference ended around noon, Mrs. King was informed by defendant, a hotel porter, that her materials would have to be removed from the conference room. Defendant, Mrs. King and another woman proceeded to pack the materials into boxes, and defendant and Mrs. King brought the materials to her hotel room. At this point, the stories of defendant and Mrs. King diverge. Mrs. King claims she specifically ordered defendant to remain outside the room while she went to get the tip money. Retrieving her purse from the closet, she was forcibly

grabbed by defendant, who pushed her against the wall, knocked off her glasses and gagged her mouth with his hand. Mrs. King bit defendant's finger, causing it to bleed. When he removed his hand from her mouth, she attempted to convince him to let her go, and eventually offered him money. While still being held by defendant, she picked up her pocketbook and offered him all her cash. When defendant said, "Is this all you have?", Mrs. King started to sign travelers checks for him. Defendant took only some of the travelers checks, saying that was enough and that "I wouldn't usually do such a thing, take your money, but my daughter is sick in the hospital and I need the money for my daughter." He also insisted upon Mrs. King's name and address, which she wrote on a piece of paper and gave to him. He then left the room, and Mrs. King called a friend, who was also attending the conference, for help, and she in turn called the hotel authorities. Defendant was questioned and produced the paper with Mrs. King's name and address on it, and the checks, which he had put into his sock. He also had a visible and fresh laceration on his finger. Defendant initially denied being in Mrs. King's room that afternoon, and stated that he had found the paper with the name and address on it. Later, upon further questioning, defendant stated that he may have helped her bring materials to her room that afternoon, but that there had been no incident. Eventually, defendant gave a statement saying that when he brought the box into Mrs. King's room, she closed the door behind him and stated that she wanted to have sex with him and that she had money. He asserted that she stuffed checks into his pocket and when he tried to get away, she bit his finger. He also stated that he intended to give the checks to his boss. Defendant was arrested and indicted for the following crimes: (1) burglary in the third degree [entering unlawfully with intent to commit sexual abuse]; (2) a second count of burglary in the third degree [remaining unlawfully with intent to commit larceny]; (3) robbery in the third degree; (4) grand larceny in the first degree; and (5) unlawful imprisonment in the second degree. After a jury trial, defendant was convicted of robbery in the third degree and unlawful imprisonment in the second degree. He was acquitted of both counts of burglary, and received a trial order of dismissal on the grand larceny count. Defendant's first argument is that the record is barren of any evidence of his intent to obtain money through use or threatened use of force. This argument is without merit. The evidence indicates that the jury could have determined that at the time of defendant's use of physical force he intended to use this force for the purpose of obtaining money. Indeed, at the time he obtained the money, he was still restraining Mrs. King's freedom of movement. Noting that the jury found him guilty of unlawful imprisonment and robbery, but not guilty of burglary, defendant next contends that the verdicts were inconsistent. In determining whether jury verdicts are repugnant, we are instructed to look to the record "only to review the jury charge so as to ascertain what essential elements were described by the trial court; then, the assertedly inconsistent verdicts will be harmonized on the basis of the jury charge. Under this approach, a conviction will be reversed only in those instances where acquittal on one crime as charged to the jury is conclusive as to a necessary element of the other crime, as charged, for which the guilty verdict was rendered [citation omitted]" (*People v Tucker,* 55 NY2d 1, 7). Here, the various crimes have different elements. Most notably, an element of the burglary charges (that defendant knowingly entered or remained unlawfully) is not an element of the other charges. Finally, defendant argues that certain jury instructions were erroneous. Defendant, however, failed to object to these instructions at trial. Consequently, that issue is not preserved (*People v Tucker, supra,* p 9; *People v Thomas,* 50 NY2d 467).

Judgment affirmed. Kane, J. P., Main, Weiss and Levine, JJ., concur.

Mikoll, J., concurs in the following memorandum. Mikoll, J. (concurring).

Defendant urges on appeal that his conviction by the jury of unlawful imprisonment in the second degree and his acquittal of burglary in the third degree (unlawfully remaining in the victim's room with intent to commit larceny) are inconsistent with his conviction of robbery in the third degree. Defendant reasons that when the jury found that he had not committed burglary in the third degree, it had to have concluded that no larceny was committed by him and that this was the basis of his acquittal. He urges that the jury must have found the second element of the burglary, that is, "unlawfully remaining in a building", to have been established because the jury concomitantly found him guilty of unlawful imprisonment. Having so found, he contends, it was illogical and internally inconsistent for the jury to have found that defendant committed robbery in the third degree since this contradicts its obvious finding in the burglary charge that no larceny had occurred. The Court of Appeals in *People v Tucker* (55 NY2d 1), has expounded at length on how the question of inconsistent or repugnant verdicts shall be handled. It stated, in pertinent part, as follows: "There exist two approaches for determining whether jury verdicts are repugnant. The first would have the court review the record *in toto* so as to consider all the evidence and discover the underlying basis of the jury's determination, whereupon the reviewing court can determine the logic or illogic of the verdicts and remedy the repugnancy when it exists. The second approach is more limited, looking to the record only to review the jury charge so as to ascertain what essential elements were described by the trial court; then, the assertedly inconsistent verdicts will be harmonized on the basis of the jury charge. Under this approach, a conviction will be reversed only in those instances where acquittal on one crime as charged to the jury is conclusive as to a necessary element of the other crime, as charged, for which the guilty verdict was rendered (see Wax, 24 NY L School L Rev, at pp 740-742). * * * Thus, the record should be reviewed only as to the jury charge. Even that review of the jury charge will be restricted in its scope. It does not contemplate a consideration of the accuracy of the charge (see Wax, 24 NY L School L Rev, at pp 740-741). The instructions to the jury will be examined. only to determine whether the jury, as instructed, must have reached an inherently self-contradictory verdict [footnotes omitted]" (*People v Tucker, supra*, pp 6-8). Applying this concept to the instant matter, I conclude that the verdicts are not inconsistent. The record discloses that the court charged the jury in response to defendant's request, and without exception or objection, as follows: "Firstly, with respect to Count 1 of the Indictment, that's the charge of Burglary in the Third Degree, charging unlawfully, knowingly and intentionally entering the room with the intent to commit a crime of sexual abuse and if you should find from the evidence that the defendant unlawfully entered the room but with the intent at the time he entered the room to commit some crime other than one involving sexual abuse, then you must find the defendant not guilty of burglary in the Third Degree under Count 1. Similarly, under Count 2, *if you find that the defendant remained unlawfully in the room for the purpose of committing some crime which was not larceny,* then you must find the defendant not guilty of Count 2" (emphasis added). With this instruction, the jury could have found defendant guilty of remaining in the room to commit a robbery and, under the charge, they could have understood that they were then required to find him not guilty of burglary in the third degree. The verdicts are harmonized on the basis of the jury charge. Robbery is not larceny and unlawful imprisonment is not larceny. Under the mandate of *People v Tucker* (*supra*), an affirmance is indicated.