■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN EARL EDDY, Appellant. — Appeal from a judgment of the County Court of Warren County (Moynihan, Jr., J.), rendered August 4, 1981, upon a verdict convicting defendant of the crimes of attempted robbery in the first degree, assault in the second degree and criminal use of a firearm in the second degree. In a three-count indictment, defendant was charged with attempted robbery in the first degree, assault in the second degree and criminal use of a firearm in the second degree. After trial, he was found guilty as charged. He was sentenced to a term of three to nine years on both the attempted robbery and firearm charges and two to six years on the assault charge. All sentences were to run concurrently. This appeal ensued and defendant raises several issues urging reversal. On January 27, 1981 at 11:00 P.M., Howard Crannell began to close his store and, while straightening some magazines in the front of the store, was shot. A bullet fragment was later removed from his scalp at the hospital and he was discharged. Defendant, after being questioned by the police, made a written

statement wherein he stated he had intended to rob Crannell's store but gave up the idea and, in leaving the area, his gun accidentally discharged. The police investigation revealed bootprints in the snow, a Camel cigarette butt and a Genesee beer bottle in the area near the store. A search of defendant's room revealed evidence of the same brand of cigarettes and beer, together with a .22 caliber rifle. Two witnesses saw a man at the scene and one described his jacket as being of the same style as defendant's. The other witness said that the man was carrying a gun and he made an in-court identification of defendant. There was also evidence indicating that defendant's bootprints matched those found at the area around the store. Initially, defendant contends that there was insufficient proof to establish his identity and each element of attempted robbery. We disagree. While the prosecution had the burden of proving every element of the crime charged, this court must view the facts in the light which is most favorable to the People since it is assumed that the jury credited the prosecutor's proof (*People v Bracey*, 41 NY2d 296, 302). In light of defendant's written statement and the other proof, we are unable to say as a matter of law that the identification evidence was insufficient. We also conclude upon review of the record, including defendant's written statement and his identification at the scene with a gun, that there was ample proof to establish his intent to commit a robbery and his conduct tended to effect the commission of the crime (see *People v Bracey, supra*). We also reject defendant's contention that he was denied effective assistance of counsel. The fact that a *Huntley* hearing was not requested could very well have been a matter of trial strategy so that defendant could argue that the gun accidentally discharged as stated in the written statement. The failure to request a *Wade* hearing does not, in our view, rise to the level of ineffective representation by counsel (*People v Williams*, 87 AD2d 876). We are of the opinion that defendant's counsel rendered meaningful representation and thus there was no denial of effective assistance of counsel (*People v Baldi*, 54 NY2d 137). Finally, there is no merit to defendant's contention that he was denied due process by the People's failure to make a timely disclosure of alleged *Brady* material. We have considered all other arguments advanced by defendant and find them unpersuasive. There should be an affirmance. Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Casey and Levine, JJ., concur.