■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT CAMP-BELL, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Hellenbrand, J.), rendered August 27, 1980, convicting him of burglary in the second degree, robbery in the first degree (two counts) and criminal possession of stolen property in the third degree (two counts), upon a jury verdict, and imposing sentence. ¶ Judgment affirmed. ¶ On this appeal defendant asserts that the jury's verdict acquitting him of burglary in the first degree, convicting him of burglary in the second degree, and convicting him of robbery in the first degree (two counts) is repugnant. ¶ On August 24, 1979, at approximately 12:35 A.M., the defendant and his accomplice approached the complainants from behind as they entered the male complainant's apartment building. According to the male complainant the defendant held an "object" to his back and pushed him and the female complainant into the apartment. Once inside the apartment, defendant and his accomplice blindfolded the male complainant and robbed both complainants. The female complainant testified to seeing defendant brandishing an "007" knife inside the apartment. The male complainant, having been approached from behind and then blindfolded, never actually saw the knife. ¶ "In determining whether a jury verdict is repugnant, the record should be reviewed only as to the jury charge to determine whether the jury, as instructed, reached an inherently contradictory verdict (see *People v Tucker,* 55 NY2d 1, 7)". (*People v Williams,* 87 AD2d 876, 877; see, also, *People v Campbell,* 86 AD2d 403.) The trial court correctly charged all the necessary elements of each offense submitted to the jury. "Uses or threatens the immediate use of a dangerous instrument" was a necessary element of both robbery in the first degree (Penal Law, § 160.15, subd 3) and burglary in the first degree as charged in the indictment (Penal Law, § 140.30, subd 3). Furthermore, burglary in the first degree (Penal Law, § 140.30) and burglary in the second degree (Penal Law, § 140.25) have the same elements, except the latter offense does not contain as an element the use or threatened use of a dangerous instrument. With respect to the burglary counts, the trial court instructed the jury that "the crime of burglary is separate and distinct from any crime which a person does commit within the dwelling. The crime of burglary is complete when a person who knowingly and unlawfully enters or remains in a dwelling with intent at that time to commit a crime therein, and whether or not he actually commits any crime therein". Based on this instruction, the jury could not only find that a burglary was committed when defendant entered the apartment with the intent to commit a robbery, but that it ended when defendant started to engage in conduct constituting the separate and distinct crime of robbery. The only evidence adduced at the trial to support a finding that defendant used a dangerous instrument, in this case a knife, to gain entry into the apartment was the male complainant's testimony that he felt an "object" against his back. Since there was no direct evidence that defendant used or threatened to use a knife to effectuate an entry, and, according to the court's charge, a burglary was complete when there was an entry with the requisite intent, the jury could reasonably have concluded that the offense committed was burglary in the second degree. However, the female complainant testified that once defendant was inside the apartment and had, in effect, begun to forcibly take property belonging to her and the male complainant, she observed defendant holding a knife. Since there was direct evidence that defendant used a knife — a dangerous instrument — to effectuate the robberies, the jury found defendant guilty of both counts of robbery in the first degree. Consequently, based on the court's charge, we conclude that the jury's verdict acquitting defendant of burglary in the first degree is not inherently inconsistent with its verdict convicting defendant of robbery in the first degree (two counts) and burglary in

the second degree. ¶ We have considered defendant's other contentions and find them to be without merit. Accordingly, the judgment is affirmed. Mollen, P. J., Gibbons, Weinstein and Rubin, JJ., concur.