## (April 19, 1984)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MERVIN BARRY, Respondent. — Order, Supreme Court, New York County (Katz, J.), entered April 2, 1982, which granted defendant's motion to set aside a jury verdict finding defendant guilty of robbery in the second degree and dismissed the indictment, unanimously reversed, on the law, the motion denied, the verdict reinstated and the matter remanded for further proceedings. ¶ On March 12, 1981, defendant and an accomplice, using what appeared to be a knife, robbed

Thomas Tamberelli in Union Square Park, stealing his neck chain. Apprehended within minutes and positively identified at the scene, defendant was convicted of robbery in the second degree ("aided by another person actually present") but acquitted of grand larceny in the third degree. One month after the verdict defendant moved to set aside the robbery conviction as repugnant to the grand larceny acquittal. Finding the verdicts repugnant Trial Term set aside the robbery conviction and dismissed the indictment. We reverse. ¶ Quite apart from the court's error in finding the verdicts repugnant, defendant waived any consideration of his claim by failing to "register a protest" to the purportedly repugnant verdicts "prior to the discharge of the jury when the infirmity in the verdicts, if any, might have been remedied by resubmission to the jury for reconsideration of its verdicts". (*People v Stahl*, 53 NY2d 1048, 1050; *People v Bruckman*, 46 NY2d 1020, 1021.) Thus, the repugnancy issue was not preserved and the motion should have been denied. (CPL 330.30, subd 1.) In any event, however, the verdicts were neither repugnant nor even inconsistent. Grand larceny in the third degree (Penal Law, § 155.30, subd 5) contains an element, namely, that the property be "taken from the person of another", which is not found in robbery in the second degree (Penal Law, § 160.10, subd 1). Thus, an acquittal of such a larceny charge would not necessarily be conclusive as to an element of the robbery as charged, and is, therefore, not inconsistent with the robbery conviction. (See *People v Tyler*, 88 AD2d 1033, 1034; *People v Addison*, 73 AD2d 790, 791.) A conviction can be set aside only in those instances where "acquittal on one crime as charged to the jury is conclusive as to a necessary element of the other crime, as charged, for which the guilty verdict was rendered". (*People v Tucker*, 55 NY2d 1, 7.) Although, at first blush, the verdicts might seem illogical in light of the evidence, the court's instructions provide an insight into why a jury would render the verdicts reached here. The court erroneously charged that the jury could not find defendant guilty of grand larceny as an accomplice, but that to find him guilty of robbery it had to conclude that he acted with another. A repugnancy claim must be evaluated by reviewing the charge to ascertain the essential elements of the crime as described by the court, irrespective of accuracy. (*People v Tucker, supra*, at pp 7-8.) Since the only evidence of defendant's culpability was proof that he acted as his confederate's accomplice the court, in effect, directed a verdict of acquittal on the grand larceny charge. Thus, the jury logically convicted defendant as an accomplice in a robbery while acquitting him of having committed a grand larceny acting alone. The verdicts were consistent and logical. The robbery conviction is reinstated. Concur — Murphy, P. J., Sullivan, Ross and Carro, JJ.