■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v HAROLD JAMES, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County (Douglass, J.), dated March 15, 1983, which granted defendant's motion to set aside the jury's verdict finding him guilty of burglary in the first degree on the ground that it was repugnant to the jury's verdict of not guilty of robbery in the first degree.

Order reversed, on the law, motion denied, verdict reinstated and matter remitted to Criminal Term for sentencing on the charge of burglary in the first degree.

At trial, the complaining witness testified that defendant forced his way into her apartment with a gun. Once inside, he proceeded to rape and rob her. Defendant testified that he had no gun. He admitted to having sexual intercourse with the complainant, but stated that it was consensual. He then testified that while the complainant was in the bathroom, he took a sum of money from her coat pocket and ran out of her apartment.

After the testimony was concluded, the court properly charged that displaying "what appeared to be a handgun" was an essential element of both burglary in the first degree and robbery in the first degree. It also properly charged, "The crime of burglary is distinct from any crime which a person does within the building. The crime of burglary is complete when a person knowingly and unlawfully enters in a dwelling with the intent at that time to commit a crime therein, and whether or not he actually commits the crime is irrelevant". The jury returned a verdict of not guilty on the counts of rape in the first degree, sexual abuse in the first degree and robbery in the first degree, but found defendant guilty of burglary in the first degree and petit larceny, as a lesser included offense of the robbery charge. Defendant did not object to the verdict and the jury was discharged.

Prior to his scheduled sentencing, defendant made a motion pursuant to CPL 330.30 (1), to set aside the verdict of guilty of burglary in the first degree. The court granted the motion. It found that the jury's acquittal on the robbery charge indicated that the jury did not believe that defendant had a gun. This made the conviction on the burglary charge, in which display-

ing a gun was a necessary element, repugnant to the acquittal on the robbery charge. The court also referred to the affidavit of a juror who stated that the jury did not believe that defendant had a gun and mistakenly believed that the burglary charge did not require the displaying of a gun. The court then found that the conviction on the burglary charge was "repugnant to justice" and "internally contradictory" and thus set it aside. We now reverse.

We first note that CPL 330.30 (1) allows a trial court to set aside a verdict only on a ground which, if raised on appeal, would require reversal as a matter of law. For defendant to have preserved, as a matter of law, his claim of repugnancy of the verdicts, he was required to register a protest on the issue prior to the discharge of the jury, when any infirmity in the verdicts could be remedied by resubmission to the jury for its reconsideration (*People v Satloff,* 56 NY2d 745; *People v Stahl,* 53 NY2d 1048; *People v Alfaro,* 108 AD2d 517; *People v Howard,* 107 AD2d 712). Since defendant did not do this, the repugnancy issue was not preserved and the motion should have been denied (*People v Barry,* 100 AD2d 803). Defendant's claim that the People cannot raise the issue of his untimeliness since it was not raised before Criminal Term is meritless. The burden rested on defendant to protect his rights under CPL 330.30 (1). In the instant case, the People could not waive the timeliness issue because it is jurisdictional. Once defendant failed to preserve the issue for appellate review as a. matter of law, the trial court lacked the power to set aside the verdict on that ground (*see,* CPL 330.30 [1]; *People v Lawrence,* 64 NY2d 200, 206-207; *People v Carter,* 63 NY2d 530, 536).

In any event, the trial court's finding of repugnancy was incorrect. "In determining whether a jury verdict is repugnant, the record should be reviewed only as to the jury charge to determine whether the jury, as instructed, reached an inherently contradictory verdict (*People v Tucker,* 55 NY2d 1, 7 [*rearg denied* 55 NY2d 1039])" (*People v Williams,* 87 AD2d 876, 877). A jury verdict is repugnant when a defendant is convicted of one crime and acquitted of another, and the elements of each are identical (*see, People v Tucker, supra; People v Williams,* 47 AD2d 262, 266-267). Although repugnancy may be a ground for reversal, an inconsistent verdict may not be the ground for reversal if the inconsistency is related to separate counts of the indictment (*see, United States v Powell,* 469 US —, 105 S Ct 471; *People v Alfaro, supra; People v Campbell,* 100 AD2d 517; *People v Williams,* 47 AD2d 262, *supra*).

In the case at bar, the court's charge was clear that burglary in the first degree (Penal Law § 140.30 [3]) and robbery in the first degree (Penal Law § 160.15 [3]) were separate offenses to be considered independent of each other. In considering the crimes as charged, the jury may have concluded that defendant entered the complainant's apartment with a gun and with the intent to commit a crime, establishing the burglary, yet later stole her property without the use of the gun. Since the findings were not inherently contradictory, they must stand (*United States v Powell, supra; People v Goodfriend,* 64 NY2d 695; *People v Alfaro, supra*).

Finally, the court's reliance on the juror's affidavit to show what had taken place during deliberations was incorrect. With the exception of improper external influences, jurors may not impeach their verdict by stating what was discussed during their deliberations (*United States v Powell, supra; People v Brown,* 48 NY2d 388, 393; *People v De Lucia,* 20 NY2d 275, 278-279; *People v Rhodes,* 92 AD2d 744). Thus, the juror's affidavit should not have been considered. The order is therefore reversed and the burglary conviction is reinstated. Mollen, P. J., Mangano, O'Connor and Weinstein, JJ., concur.