■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES HINES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered November 19, 1984, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

In August 1983 the defendant was charged with the crimes of intentional murder in the second degree (Penal Law § 125.25 [1]), felony murder in the second degree (Penal Law § 125.25 [3]) and robbery in the first degree (Penal Law § 160.15 [3]). These charges arose from the robbery and murder by stabbing of Alma Lee Clinkscale on July 23, 1984, in her residence. Following a trial by jury, the defendant was found guilty of felony murder and acquitted of the remaining charges.

Contrary to the defendant's contentions on this appeal, the evidence is sufficient to support the verdict finding the defendant guilty of the murder of Ms. Clinkscale in the course of robbing her. The People presented evidence placing the defendant at the scene of the crime shortly before the incident and fleeing from the scene after the incident. Fingerprints of the defendant obtained from the decedent's residence were also introduced into evidence. Moreover, a witness testified that he observed the defendant flee from the victim's home and heard him state "I hurt her; I think I killed her". Viewing this and all of the other evidence in the light most favorable to the People, we find that the prosecution established, beyond a reasonable doubt, the defendant's guilt of the crime of felony murder *(see, People v Contes,* 60 NY2d 620, 621; *People v Herriot,* 110 AD2d 851, 852).

The trial court properly denied the defense request for special instructions to the jury concerning circumstantial evidence, because the prosecution presented both direct and circumstantial evidence of the defendant's commission of the crime *(see, People v Ruiz,* 52 NY2d 929, 930; *People v Rumble,* 45 NY2d 879, 880-881).

Additionally, the defendant challenges the jury's verdict on the ground that its finding of guilt on the felony murder charge is repugnant to the acquittal on the charge of robbery in the first degree. As we stated in *People v James* (112 AD2d

380, 381), "[f]or defendant to [preserve], as a matter of law, his claim of repugnancy of the verdicts, he [is] required to register a protest on the issue prior to the discharge of the jury, when any infirmity in the verdicts could be remedied by resubmission to the jury for its reconsideration *(People v Satloff,* 56 NY2d 745; *People v Stahl,* 53 NY2d 1048; *People v Alfaro,* 108 AD2d 517; *People v Howard,* 107 AD2d 712)". We note that although the defendant in this case made a general application prior to the discharge of the jury to maker motions at the time of sentencing, he nevertheless waived his right to challenge the verdict on the ground of repugnancy because the trial court no longer had the opportunity to remedy any defect by resubmitting the case to the jury. Brown, J. P., Weinstein, Niehoff and Spatt, JJ., concur.