■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH WIGGINS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered November 9, 1984, convicting him of assault in the first degree, riot in the second degree, and discrimination (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence adduced at trial was sufficient to prove the defendant's guilt of the crimes of which he was convicted beyond a reasonable doubt (see, People v Musial, 120 AD2d 682; People v Bauer, 113 AD2d 543). Specifically, with respect to the assault, there was ample evidence that the defendant acted in concert with his codefendants.

The defendant's contention that the court erred in failing to give the jury a circumstantial evidence instruction is unpreserved, and, in any event, without merit. A circumstantial evidence charge is required only when the People's case rests entirely on circumstantial evidence (People v Hines, 120 AD2d 676), and at bar the People's case included direct evidence of the defendant's guilt.

The defendant's remaining contentions are unpreserved for appellate review or without merit. Brown, J. P., Lawrence, Eiber and Sullivan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. KENROY KING, Appellant, v JAMES E. SULLIVAN et al., Respondents.— In a habeas corpus proceeding, the petitioner appeals from a judgment of the Supreme Court, Queens County (Farlo, J.), dated December 18, 1985, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner's application for a writ of habeas corpus was properly denied. For over three years from the date of filing his notice of appeal, he made no attempt to contact his assigned appellate counsel or the clerk of this court, and such failure cannot be attributed to ignorance. The petitioner, by submitting several pro se motions, indicated he was fully capable of pursuing the status of his appeal. Thus, the petitioner cannot complain about the delay in reviewing his judgment of conviction. Brown, J. P., Lawrence, Eiber and Sullivan, JJ., concur.