■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LINDA KASS, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Meehan, J.), rendered June 3, 1986, convicting her of insurance fraud in the first degree and insurance fraud in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the case is remitted to the County Court, Rockland County, for further proceedings pursuant to CPL 460.50 (5).

The trial court did not err in refusing to permit a defense witness to testify as to a self-serving statement the defendant made to him when she was aware that she was under investigation in connection with the instant offenses, regardless of whether that testimony was being offered to rebut the testimony of a prosecution witness or to corroborate the defendant's own testimony. Nor did the court err in denying the defendant's request to charge that Mark Miller, a prosecution witness, was an accomplice as a matter of law, since it cannot be said that on the evidence the jury could reasonably reach no other conclusion than that Miller participated in the offense charged or an offense based upon the same or some of the same facts or conduct which constitute the offense charged *(see,* CPL 60.22 [2]; *People v Cobos,* 57 NY2d 798; *People v Arce,* 42 NY2d 179).

The defendant's contention that the verdict is repugnant has not been preserved for appellate review *(see, People v Satloff,* 56 NY2d 745, *rearg denied* 57 NY2d 674; *People v Hines,* 120 AD2d 676, *lv denied* 68 NY2d 757; *People v James,* 112 AD2d 380), and we decline to reach it in the interest of justice.

The sentence imposed was not unduly harsh or excessive, and there are no extraordinary circumstances present which would warrant disturbance of the sentencing court's exercise of discretion (see, People v Suitte, 90 AD2d 80).

We have considered the defendant's remaining contention and find it to be without merit. Thompson, J. P., Bracken, Brown and Eiber, JJ., concur.