■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN HARD, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered September 1, 1987, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the case is remitted to the County Court, Rockland County, for further proceedings pursuant to CPL 460.50 (5).

The defendant was indicted for burglary in the second degree and attempted sexual abuse in the first degree. The prosecution's evidence sought to establish that he unlawfully entered the victim's home and subjected her to forcible sexual contact. In addition to the victim's in-court identification, a jacket bearing the defendant's first name was found in the bedroom. The jury acquitted the defendant of attempted sexual abuse in the first degree but convicted him of burglary in the second degree. On appeal, it is asserted that the verdict is repugnant and the conviction for burglary in the second degree is based on insufficient evidence of the defendant's intent to commit the crime of sexual abuse in the first degree.

We first note that the issue of repugnancy was preserved for review as the defense counsel properly raised this issue prior to the discharge of the jury *(see,* CPL 330.30 [1]; *People v*

*Satloff,* 56 NY2d 745, 746, *rearg denied* 57 NY2d 674; *People v James,* 112 AD2d 380, 381). The indictment separately charged these crimes and, viewed in its entirety, the charge indicated the independent nature of the crimes and the jury's obligation to consider them separately *(see, People v Goodfriend,* 64 NY2d 695, 697). Nevertheless, the proof adduced at trial necessarily required the jury to find that the defendant committed the crime of burglary in the second degree with the intent to commit sexual abuse in the first degree, as no proof of intent to commit any other crime exists in the record.

After examination of the trial court's charge without regard to the particular facts of the case or the accuracy of the charge *(see, People v Johnson,* 70 NY2d 819, 820; *People v Hampton,* 61 NY2d 963, 964; *People v Tucker,* 55 NY2d 1, 7-8, *rearg denied* 55 NY2d 1039), we conclude that the verdict is not repugnant. Based on the trial court's instructions, the jury could have found that a burglary was committed when the defendant entered the dwelling with intent to commit sexual abuse, but the defendant's conduct failed to constitute the separate and distinct crime of attempted sexual abuse in the first degree *(cf., People v Campbell,* 100 AD2d 517). The conviction for burglary in the second degree only required proof of intent to commit sexual abuse and not proof of the actual or attempted commission of sexual abuse *(cf., People v James,* 110 AD2d 1037, 1038). In addition, the defendant's acquittal on the charge of attempted sexual abuse in the first degree could have occurred for reasons other than the failure to prove the intent element beyond a reasonable doubt *(see, People v Tucker, supra,* at 7).

Finally, in viewing the evidence adduced at the trial in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the conviction. Furthermore, upon the exercise of our factual review power, we find that the verdict is not against the weight of the evidence (CPL 470.15 [5]). Brown, J. P., Weinstein, Spatt and Balletta, JJ., concur.