■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD SUTTER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered October 16, 1984, convicting him of assault in the first degree, assault in the third degree, riot in the second degree and discrimination (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the videotaped statement made by the codefendant Joseph Wiggins was inadequately redacted and that its admission into evidence therefore violated his Sixth Amendment right to confront his accusers. We disagree. The redacted videotaped statement referred to the codefendant's accomplices in the instant racially motivated assault on three black men not by name but only as "my friend", "they" or "three guys" and never referred to the defendant by name. Accordingly, the statement as received into evidence was neither facially nor inferentially incriminating *(see, Richardson v Marsh,* 481 US 200; *People v Kern,* 149 AD2d 187, *affd* 75 NY2d 638). Furthermore, since the jury heard testimony that at least 12 individuals participated in the attack on the three victims, the foregoing vague references did not prejudice the defendant *(People v Kern, supra).*

In any event, even if the admission into evidence of the redacted videotaped statement of the codefendant Wiggins was error, it was harmless beyond a reasonable doubt in view of the overwhelming evidence of guilt including the unequivocal eyewitness testimony of two disinterested witnesses, one a minister and the other an off-duty New York City police sergeant *(see, People v Crimmins,* 36 NY2d 230).

The defendant next contends that there was insufficient evidence to convict him of assault in the first degree since there was no evidence that he personally caused the facial fractures sustained by one of the victims or that he acted in concert with those who did. Alternately, the defendant argues that the evidence to convict him of assault in the first degree

was insufficient because the People failed to establish both that the victim's injury constituted a serious one and that the injury was caused by a dangerous instrument, as is required by Penal Law § 120.10, the controlling statute. The defendant's contentions are meritless.

This court has already determined that all of the defendants were acting in concert with the codefendant Eric Musial, whose assault on the victim Marion Manigault resulted in multiple facial fractures (see, People v Wiggins, 128 AD2d 820; People v Musial, 120 AD2d 682). The defendant's contentions that the injuries sustained by Manigault were not serious and that they were not caused by a dangerous instrument are not preserved for appellate review (see, CPL 470.05 [2]; People v Udzinski, 146 AD2d 245, 250). In any event, this court has already rejected the claim that the facial injuries sustained by Manigault were not inflicted by a dangerous instrument (People v Musial, supra). We find no reason set forth by the defendant to support a different result.

Moreover, the evidence adduced at trial established that the injuries incurred by Manigault included multiple fractures to the left side of his face, which caused the area above his left cheek to cave in and required surgery to manipulate the fractured bones back to their proper position. As a consequence, Manigault was unable to work for a period of six weeks. These injuries constituted "serious physical injuries" pursuant to Penal Law § 120.10.

The defendant's remaining contentions are unpreserved for appellate review (CPL 470.05 [2]) and, in any event, are without merit. Thompson, J. P., Brown, Rubin and Eiber, JJ., concur.