■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v TERESITA KORSING, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County, dated January 29, 1979, which, after a hearing, granted defendant's motion to suppress certain statements and admissions made by her to the police and an Assistant District Attorney. Order modified, on the law, by adding thereto, immediately after the word "granted", the following: "as to the statements made to the Assistant District Attorney, but is denied as to the statements made to the police." As so modified, order affirmed. In this prosecution for murder in the second degree, the defendant moved to suppress certain statements and admissions made by her on the ground that her constitutional rights as described in

*Miranda v Arizona* (384 US 436) were violated. There are two sets of statements being considered, those made by her to Detective Rodriguez during his investigational inquiry, and those made to Assistant District Attorney Eng after defendant admitted her participation in the crime charged and was informed of her *Miranda* rights. Criminal Term granted defendant's motion finding, essentially, as to the first statements that the nature of the interrogation by Rodriguez and the length of time thereof, created a custodial situation and that therefore the admissions made by defendant at such time were inadmissible against her because Rodriguez failed to administer the *Miranda* warnings. We disagree. The test to be applied is whether a reasonable person in the same circumstance as defendant, innocent of any crime, would have believed that he was not free to leave the police or that he actually was in custody; the subjective beliefs of the defendant are not a determinative factor (see *People v Yukl,* 25 NY2d 585, 589, cert den 400 US 851). Defendant, at all times during her questioning by Rodriguez, was treated nicely; she was told that she was at the police station as a volunteer to aid in the investigation of the homicide and was not confronted with any basis for believing otherwise. We cannot agree with Criminal Term's conclusion that the length of time of the interrogation, several hours over a period of two days, altered the situation or the admissibility of her statements. The fact is that the defendant was with the decedent, her common-law husband, when he was killed and was, presumably, in a good position to offer the police information about his murderers. That Rodriguez may have suspected at some point that she was lying or may have suspected that she participated in the commission of the crime does not change this (see *Oregon v Mathiason,* 429 US 492, 495). In arriving at this conclusion, we are mindful of our decision in *People v Newson* (68 AD2d 377, 388). Speaking for this court in *Newson,* Mr. Justice Shapiro specifically stated "that there were no clear indicia that defendant was not in custody at the time he gave his statement and with the inferences which Criminal Term could permissibly have drawn from observing Flemings [a police officer] as he testified, the factual finding ' "is to be honored unless unsupported, as a matter of law" ' *(People v Yukl, supra,* p 588)." In this, *Newson* may be distinguished from the case at bar. We are unable to agree with Criminal Term herein that any aspect of defendant's questioning might have appeared to be either coercive or custodial. Accordingly, we find that the determination of the Criminal Term that defendant was in custody at the time she made the statements to the police is unsupported as a matter of law. We are of the opinion, however, that the statements made by defendant to Assistant District Attorney Eng, after she asserted her right to counsel, were properly suppressed by Criminal Term (see *People v Wander,* 47 NY2d 724; *People v Aponte,* 69 AD2d 204). Suozzi, J. P., O'Connor, Martuscello and Mangano, JJ., concur.