■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE TILLMAN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered August 7, 1978, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment affirmed. In response to a pretrial motion for, *inter alia,* a *Wade* hearing, the prosecutor stated that, upon information and belief, no corporeal identification procedures had been employed and no photographs had been viewed by the complainant. Defendant's request for a *Wade* hearing was therefore denied. During the course of the trial, however, it became apparent that the complainant had viewed an array of photographs at a police precinct, although it was unclear whether the defendant's photograph had been among them. The defendant thereupon renewed his request for a *Wade* hearing. Based upon the prosecutor's representations that defendant's photograph had not been among those viewed by the complainant, the defense motion for a *Wade* hearing was denied. Upon discovering that the complainant had been shown photographs, the court should have granted the defendant's request for a *Wade* hearing. Nevertheless, reversal is not required because the evidence established a sufficient basis for the complainant's in-court identification and the proof of guilt was overwhelming. Mr. Thompson, the complainant, testified that the defendant and another entered the front seat of the vehicle he was driving, sandwiching him in, while the party on the right held a knife to his throat. They remained in this position for approximately 15 minutes, driving around the neighborhood, during which time the defendant and Mr. Thompson engaged in conversation; at one point, Mr. Thompson testified that the defendant reached over and took his wallet, his watch and $4 from his inside pocket. Thereafter, the complainant was released and advised that his vehicle would be parked a couple of blocks away. This testimony clearly established that the in-court identification of the defendant had an ample source independent of any pretrial identification procedure. Mollen, P. J., Titone, Mangano and O'Connor, JJ., concur.

■ ARTHUR OLCHEK et al., Respondents, v JUDITH A. HERBST et al., Appellants.—Upon appeal by appellant Judith Herbst, Judgment of the Supreme Court, Suffolk County, entered December 29, 1978, affirmed, with costs against said appellant. No opinion. Appellant William Herbst has abandoned his appeal. Rabin, J. P., Gulotta, Cohalan and O'Connor, JJ., concur.