■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST MOORE, Also Known as GODLAH ALLAH, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Suffolk County, rendered September 6, 1978, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of defendant's motions to suppress statements and identification testimony. Judgment reversed, on the law, plea vacated, and case remitted to Criminal Term for further proceedings consistent herewith. Defendant, a suspect in a robbery at a gas station in Suffolk County, was in his parole officer's office in New York City for a scheduled visit when his parole officer asked him to remain in the office so that two Suffolk County detectives could question him concerning the robbery. The defendant asked his parole officer for an attorney, but was informed that the Division of Parole could not supply him with one. When the detectives arrived, the parole officer left the room and never told the detectives of defendant's request for a lawyer. The defendant was questioned by the detectives at the parole office. Thereafter, he returned with them to Suffolk County to stand in a lineup, wherein he was identified by the owner of the gas station as the perpetrator of the robbery. Both before and after the lineup, defendant made incriminating statements to the detectives. Defendant was not afforded the assistance of counsel during the lineup or police interrogation. At a subsequent *Huntley/Wade* hearing, the detectives testified that the defendant had been given his *Miranda* warnings on more than one occasion and had waived his right to an attorney. Defendant's sister-in-law, who accompanied him from the parole office to her home in Brooklyn in the detectives' car, testified that he had repeatedly requested that he be afforded his rights and that an attorney be provided. Defendant's suppression motions were denied and, subsequently, he withdrew his plea of not guilty and pleaded guilty to robbery in the second degree. Criminal Term erred in not suppressing the incriminating statements and the lineup identification, since they were obtained in violation of defendant's right to counsel. Once a suspect in a custodial situation requests the assistance

of an attorney, he may not be questioned further in the absence of counsel (see *Miranda v Arizona*, 384 US 436; *People v Marrero*, 51 NY2d 56, 59; *People v Cunningham*, 49 NY2d 203). Furthermore, defendant should not have been forced to participate in a lineup in the absence of counsel, once an attorney had been requested (cf. *People v Blake*, 35 NY2d 331). In New York, the test used to determine whether a defendant was in custody is " 'what a reasonable man, innocent of any crime, would have thought had he been in the defendant's position.' " (See *Matter of Kwok T.*, 43 NY2d 213, 220; *People v Korsing*, 71 AD2d 628.) At bar, a reasonable parolee, innocent of any crime, would have thought that "his vital interest in continued release depended upon his obedience and co-operation with his supervising parole officer" (see *People v Alston*, 77 AD2d 906, 907). Although defendant was only requested to remain in the parole office until the detectives arrived, the parole officer admitted that if defendant had left it would have been a technical violation of parole. Under these conditions, a reasonable person in the defendant's position would have thought his freedom of action was deprived in a significant way and, therefore, the defendant was in a custodial situation within the scope of *Miranda v Arizona (supra)*. Since defendant was in a custodial situation, we find that the failure of the parole officer to honor the defendant's request for counsel or to communicate that request to the Suffolk County detectives deprived him of his right to counsel and rendered the subsequent statements and lineup testimony inadmissible. The parole officer and the detectives were all law enforcement agents. Because of their status and because the detectives had asked the parole officer to make the defendant available to them, defendant's request for an attorney made to the parole officer must be deemed to have been made to the detectives (see *People v Pinzon*, 44 NY2d 458; cf. *People v McLaurin*, 38 NY2d 123, 126). Thus, having asked for an attorney, defendant could not thereafter have waived his right to counsel in counsel's absence (see *People v Cunningham, supra*, p 210). Accordingly, since it cannot be said that defendant's guilty plea was not predicated on the denial of his motions to suppress, the plea should be vacated. We note that although the extrajudicial identification should have been suppressed, the in-court identification was permissible since there was a sufficient independent basis for it (see *People v Brnja*, 50 NY2d 366; *People v Tillman*, 74 AD2d 911). Mangano, J. P., Gibbons, Gulotta and O'Connor, JJ., concur.