■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERTO COLON, Also Known as GILBERTO COLON BURGOS, Appellant. — Judgment of the Supreme Court, Kings County (Mirabile, J.), rendered March 23, 1982, affirmed (*People v Harris,* 61 NY2d 9). Mollen, P. J., Mangano, Thompson and Boyers, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS FOTI, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered December 18, 1981, convicting him of robbery in the second degree and grand larceny in the third degree upon a jury verdict, and imposing sentence. Judgment affirmed. Pursuant to this court's prior decision (*People v Foti,* 83 AD2d 641), defendant was retried on charges of robbery in the first degree, robbery in the second degree, and grand larceny in the third degree. After deliberation, the jury returned a unanimous verdict of not guilty on the first count but guilty on the second and third counts. Several days after the verdict was recorded, the jury foreman contacted defendant's attorney, alleging that the verdict he read was not the verdict he intended. According to his subsequent affidavit, the foreman maintained that defendant was to be found guilty only of the grand larceny charge as a compromise verdict and that "immediately after the verdict was read, [he] realized that this was an error". On appeal, defendant contends that the court improperly denied his motion to set aside the verdict at least to the extent of denying a hearing. We disagree. Although affidavits of jurors may be received, *inter alia,* to correct an undisputed mistake in the verdict, the general rule in this State is that juror affidavits may not be used to impeach a verdict that has been solemnly made and publicly returned in court. The policy underlying such a rule is to discourage posttrial harassment of jurors and to assure the finality of verdicts (see *People v De Lucia,* 15 NY2d 294, cert den 382 US 821, on rearg 20 NY2d 275; *Dalrymple v Williams,* 63 NY 361; *Rosa v Thau,* 45 AD2d 182). Despite protestations to the contrary, it is clear that defendant here seeks not so much to correct an alleged mistake as to impeach the jury verdict. It is noted that the verdict was clearly announced in court, the clerk reread the verdict to the jury, the jury collectively affirmed that verdict, defense counsel declined to poll the jurors, and the verdict conformed with that entered on the jury charge sheet. It is further noted that the foreman contacted counsel several days after the trial although he claims to have "immediately" realized the error and that he was the sole juror to allege error although it was indeed he who announced the verdict to the court. Under these circumstances, the trial court properly denied defendant's motion without a hearing. Since the use of the affidavit to impeach the verdict was improper, "there [was] no necessity", as the trial court noted, "to conduct a hearing in the matter". Mollen, P. J., Titone, O'Connor and Niehoff, JJ., concur.