■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID SMALLWOOD, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Lodato, J.), rendered May 11, 1981, convicting him of burglary in the third degree, grand larceny in the second degree, criminal possession of stolen property in the first degree, and criminal mischief in the third degree, upon a jury verdict, and imposing sentence. Judgment affirmed. Defendant's main contention on appeal is that the showup identification procedures employed by the police were unnecessarily suggestive and violative of due process. Defendant was identified by an eyewitness at the stationhouse showup conducted minutes after the crime. "As a general rule, the practice of exhibiting a suspect to a witness for identification without benefit of a lineup, absent exigent circumstances, has been condemned as

violative of due process" (*People v Brnja,* 70 AD2d 17, 23, affd 50 NY2d 366). Herein, the People have failed to demonstrate the existence of exigent circumstances to justify the use of a suggestive stationhouse showup. Nevertheless, upon review of the record we find that an independent basis existed for the witness' in-court identification. The witness had ample opportunity to view defendant as he carried the stolen television set to a van. In fact, the witness conversed with defendant while they stood only three to five feet apart. We find further that the admission of the testimony concerning the out-of-court identification was harmless beyond a reasonable doubt in view of the overwhelming evidence of guilt (*People v Adams,* 53 NY2d 241; *People v Gonzalez,* 27 NY2d 53). We have examined defendant's remaining arguments and find them to be without merit. O'Connor, J. P., Weinstein, Niehoff and Boyers, JJ., concur.