■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN DAWSON, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Lawrence, J.), rendered January 29, 1982, convicting him of burglary in the first degree, robbery in the first degree, and robbery in the second degree, upon a jury verdict, and imposing sentence. ¶ Judgment affirmed. ¶ The record reveals that Heinz Doempke and his elderly mother were robbed in their apartment by two intruders on the evening of January 20, 1981. It is uncontradicted that defendant Alvin Dawson had worked as a security guard at the building where the Doempkes resided. Another security guard, Juan Dieguez, testified that defendant and Nelson Leon (also a security guard at the building) were in the lobby of that building shortly before the incident, and that he engaged them in conversation. A resident of the building testified he observed defendant talking to a security guard in the lobby and that defendant then entered the elevator and proceeded towards the floor on which the Doempkes resided. ¶ After the incident, Mr. Doempke picked a photograph of Nelson Leon out of an array which did not include a picture of the defendant. He later did identify the defendant at a "lineup" identification session conducted by the police. ¶ Criminal Term suppressed the lineup identification, finding that defendant had requested a lawyer, and holding (pursuant to case law then controlling, i.e., *People v Blake,* 35 NY2d 331; and *People v Moore,* 79 AD2d 619) that conducting the lineup without a lawyer for defendant being present violated his right to counsel. ¶ Despite its suppression, testimony as to the lineup identification was allowed, after defense counsel had assailed the credibility of Mr. Doempke's in-court identification by reference to his identification of Nelson Leon from the photo array. (Defense counsel scrupulously avoided mentioning that the defendant's picture was not in that array.) Holding this "opened the door", Criminal Term allowed evidence of the lineup identification to bolster the in-court identification. This was error, since a suppressed extrajudicial identification can be referred to at trial only in rare cases, such as where the identifying witness is accused of "recent fabrication" (*People v Barnes,* 93 AD2d 864, 865; *People v Falterman,* 74 AD2d 584). ¶ However, this error was harmless in that Mr. Doempke recognized the defendant as a security guard in the building, having seen him on numerous prior occasions. Also, the record reveals that the lineup itself was not suggestive, and it was suppressed only because of the absence of counsel. Moreover, subsequent decisional law has conclusively established that there is no right to counsel at a lineup identification prior to the filing of an accusatory instrument (*People v Hawkins,* 55 NY2d 474). Thus, the error in permitting reference to the suppressed lineup identification cannot be said to be of constitutional dimension, and even if it was, there is no reasonable possibility that the excision of the evidence of the lineup identification from the trial testimony, in light of the convincing in-court identification, would have altered the result (cf. *People v Schaeffer,* 56 NY2d 448). ¶ As to the defendant's remaining contentions, we find that any defect in the alibi charge, which was not reviewable as a matter of law since no objection was raised (*People v Lebron,* 95 AD2d 864), the incidences of prosecutorial misconduct in summation, and the alleged unbalanced marshaling of evidence by the trial court were not, singularly or cumulatively, such as to deprive the defendant of a fair trial (cf. *People v Galloway,* 54 NY2d 396). Mangano, J. P., Thompson, O'Connor and Boyers, JJ., concur.