THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN H. CUNNINGHAM, Appellant.

Since defendant wholly failed to articulate, except in the most conclusory terms, any reason why he would be prejudiced by the joinder of the two robbery counts in a single indictment, the court did not abuse its discretion in denying his severance motion (CPL 200.20 [3]; *People v Lane,* 56 NY2d 1; *People v Jenkins,* 50 NY2d 981).

Nor is there any merit to defendant's argument that the witnesses' in-court identifications should have been suppressed because the lineups conducted at the police station violated his right to counsel and were unduly suggestive. A person merely suspected of having committed a crime is not entitled to have counsel present during investigatory corporeal identification procedures until formal prosecutorial proceedings have been commenced (*People v Hawkins,* 55 NY2d 474, 487, *cert denied* 459 US 846; *People v Dawson,* 101 AD2d 816). In the case at bar, no accusatory instrument was filed against defendant until after the lineups were held. Moreover, there is nothing in the record to suggest that the police were aware of counsel having been assigned to defendant on an unrelated matter, or even that defendant actually had an attorney at all. We further note that

there was no testimony that defendant requested that counsel be present at the lineups (*cf. People v Perez,* 42 NY2d 971). Finally, the testimony of Detective McDonald, the police officer who was in charge of the lineup proceedings, established that the lineups were conducted fairly. All of the five subjects selected to participate were approximately the same age, height, weight and build as defendant, and had similar skin tones, hairstyles and clothing as he did. The participants, including defendant, were sequestered prior to the lineups so that none of the witnesses could view them prior to the appropriate time. In addition, the witnesses were specifically instructed not to speak about the lineups to each other while waiting in the station house, and there is no evidence to suggest this instruction was violated. In any event, there is sufficient evidence in the record to show that the witnesses had an independent source for their respective identifications of defendant.

We have reviewed defendant's remaining contentions and find them to be without merit. Mollen, P. J., Mangano, Thompson and O'Connor, JJ., concur.