■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE SMALLS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (De Lury, J.), rendered December 22, 1983, convicting him of burglary in the first degree, assault in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

After arriving at the 70th Precinct complainant was apparently led by an unidentified police officer past a detention cell in which defendant was being temporarily held after his

arrest earlier that day. The complainant, whose attention was not otherwise drawn to the defendant as he was led past the cell, nevertheless recognized and subsequently identified defendant as the man who had shot him two days earlier.

At the suppression hearing, defendant argued that the aforesaid viewing of him by complainant was a showup and so impermissibly suggestive as to require the suppression of both the precinct identification and any subsequent in-court identification. The suppression court termed the precinct viewing "unfortunate" but nevertheless ruled that the complainant should be permitted to make an in-court identification since there was an independent source supporting the identification. We agree.

Although the leading of complainant past defendant's cell was apparently unintentional, it was clearly the product of questionable police practice and was unduly suggestive even if purely accidental. "As a general rule, the practice of exhibiting a suspect to a witness for identification without the benefit of a lineup, absent exigent circumstances, has been condemned as violative of due process" (*People v Brnja,* 70 AD2d 17, 23, *affd* 50 NY2d 366). However, the exclusion of identification testimony is premised upon the possibility that a tainted or suggestively arranged exhibition will result in misidentification at trial (*People v Adams,* 53 NY2d 241, 250-251). Therefore, even if an identification is the product of a suggestive showup, a witness will nonetheless be permitted to identify the defendant in court if that identification is based on an independent source (*People v Adams, supra,* p 251). Such an independent source supports the complainant's in-court identification of defendant. At the suppression hearing, the complainant testified that he conversed with the defendant and observed him for one or two minutes (*People v Smallwood,* 99 AD2d 819, 820); that he was no more than a yard away from defendant as he spoke to him; and that the hallway area near his apartment where he observed defendant was well lighted. The record supports the suppression court's determination of an independent source, and accordingly, the complainant's in-court identification of defendant was properly admitted into evidence. Moreover, although the prosecutrix attempted to elicit testimony at the trial in regard to the precinct identification, her questioning was cut short by the trial court before the facts surrounding the identification were adduced. Even if the circumstances surrounding the precinct viewing had been elicited at the trial, the admission of said testimony would not furnish a basis for reversal in light of the finding that com-

plainant's in-court identification was supported by an independent source (*People v Smallwood, supra,* p 820).

Moreover, defendant argues that the denial of his motion to set aside the verdict pursuant to CPL 330.30 (2) was error. We cannot agree. When the jury forelady contacted the court one day after the trial was completed, the Trial Judge conducted a hearing at which the forelady claimed, *inter alia,* that she had been pressured and badgered by the other jurors. After a brief examination, the court determined that no illegality had occurred and denied the motion. Notably, after the verdict was announced, the jury was polled twice and each time each juror, including the forelady, affirmed the verdict.

Ordinarily statements by jurors may not be used to impeach a verdict that has been solemnly made and publicly returned in court (*People v De Lucia,* 20 NY2d 275; *People v Foti,* 99 AD2d 517). Moreover, although a jury verdict may be impeached upon a showing of improper influence it may not be impeached by statements going to the tenor of the jury's deliberations (*People v Brown,* 48 NY2d 388, 393). The policy underlying such a rule is to discourage posttrial harassment of jurors and to ensure the finality of verdicts (*People v Foti, supra*). It is clear that defendant here raises no question of improper influence but rather, seeks to impeach the verdict by delving into the tenor of the jury's deliberative processes. Under these circumstances, it was a proper exercise of the court's discretion to deny defendant's motion to set aside the verdict (*People v Testa,* 61 NY2d 1008, 1009).

We have reviewed defendant's remaining contentions and find them to be without merit. Bracken, J. P., O'Connor, Rubin and Kunzeman, JJ., concur.