■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORLANDO RODRIGUEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Grajales, J.), rendered December 13, 1982, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The defendant's conviction was not tainted by the postverdict statement of one of the jurors that she abandoned her position in favor of acquittal and voted in favor of the defendant's conviction only because she was ill and exhausted *(see, People v De Lucia*, 20 NY2d 275; *People v Brown*, 48 NY2d 388, 393; *People v Foti*, 99 AD2d 517). Nor was the verdict against the weight of the evidence. The evidence established all of the necessary elements of the crimes charged, and the credibility of the complainant's eyewitness testimony and of the defendant's alibi were questions for the jury to decide *(see,*

CPL 70.20; *People v Contes,* 60 NY2d 620; *People v Gruttola,* 43 NY2d 116, 122; *People v Dukes,* 97 AD2d 445).

Finally, no error occurred as a result of the prosecutor's impeachment of the defendant by evidence of his prior bad acts or his reference to those acts in summation. The prosecutor's questioning was conducted in accordance with the court's *Sandoval* rulings, and the court carefully limited the extent of the impeachment. The defendant's prior convictions were probative on the issue of his credibility as a witness, outweighing in this instance the risk of prejudice, and it was therefore not improper for the court to permit the prosecutor to question the defendant with respect to the acts underlying these convictions *(see, People v Sandoval,* 34 NY2d 371; *People v Pavao,* 59 NY2d 282, 292; *People v Harvey,* 111 AD2d 185). Since no objection was ever made during the prosecutor's summation to certain of his comments claimed to be objectionable, any claim of error of law with respect thereto is unpreserved for review (CPL 470.05 [2]; *People v Thomas,* 50 NY2d 467). Thompson, J. P., Bracken, Weinstein and Kunzeman, JJ., concur.