■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IRVIN BRAINARD, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Broome County (Coutant, J.), rendered August 6, 1984, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.

On April 24, 1984, Binghamton Police Officers Alex J. Minor and James O'Connell sought to question defendant's brother, Richard Brainard, a suspect in a pending burglary investigation. During their endeavors, the officers happened upon defendant, who voluntarily agreed to, and did, assist them in locating his brother at a house on Florence Street in the City of Binghamton, Broome County. Thereafter, defendant accompanied the officers and Richard to headquarters. After completion of Richard's interrogation, defendant made an exculpatory statement in response to questioning. When told that Richard had implicated him in a robbery and when shown part of the "loot", defendant, after waiving his rights, made a second statement admitting limited participation. Both men were indicted for burglary in the second degree and, following denial of a suppression motion, defendant pleaded guilty to a charge of attempted burglary in the second degree. On this appeal, defendant contends that his confession should have been suppressed as the result of an illegal detention (see, Dunaway v New York, 442 US 200). We disagree and affirm.

The essential dispute is whether defendant was in custody or voluntarily accompanied the officers to the police station. In making this determination, the appropriate test is what a reasonable person, innocent of any wrongdoing, would have thought under the circumstances (People v Yukl, 25 NY2d 585, 589, cert denied 400 US 851). After defendant's brother was located, defendant maintains that he was ordered to accompany the officers to the station, whereas the officers

stated that they simply requested defendant to accompany them. Resolution of this credibility question was for the suppression court, which had ample basis to conclude that defendant proceeded voluntarily *(see, People v Baird,* 111 AD2d 1044, 1045 [and cases cited therein]; *see also, People v Gloskey,* 105 AD2d 871, 872). The court also properly determined that defendant was not in custody while waiting in the interrogation room during the initial interrogation of Richard. Since defendant concedes that probable cause for the detention arose once his brother implicated him, and the record demonstrates a voluntary waiver of his *Miranda* rights prior to interrogation, we find no error in the denial of the motion to suppress and, accordingly, affirm the conviction.

Judgment affirmed. Kane, J. P., Casey, Weiss, Levine and Harvey, JJ., concur.