■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN JOHNSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered February 25, 1985, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (Cohen, J.), after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement authorities.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE JOHNSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered September 15, 1982, convicting him of robbery in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of

that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

The defendant's motion to suppress the complainant's in-court identification was properly denied. The hearing court ruled that the complainant had an independent source for her in-court identification of the defendant, even though certain errors rendered the pretrial photo array and lineup procedures so unreliable that they had to be suppressed. We agree.

Even if a suggestive identification procedure has been employed by the police, a witness will nonetheless be permitted to identify the defendant in court if that identification is based on an independent source (see, People v Smalls, 112 AD2d 173, 174). Such an independent source exists in this case. At the Wade hearing, the complainant testified that she observed the defendant for over five minutes before and during the robbery at close range and in good light. She also conversed with the defendant during that period.

The defendant also argues that the in-court identification should be suppressed because of the difference between the complainant's description of the robber given to the police and her testimony at the suppression hearing. Issues of credibility are primarily for the hearing court and its findings should be upheld unless they are clearly erroneous (see, People v Armstead, 98 AD2d 726). We find no basis to overturn the determination on this ground. Thompson, J. P., Brown, Niehoff and Rubin, JJ., concur.