■ In the Matter of DARREN M., Appellant.—In a proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Torres, J.), dated February 21, 1986, which, upon a fact-finding order dated November 11, 1985, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of attempted robbery in the third degree, robbery in the third degree and criminal possession of stolen property in the third degree, placed him on probation for 18 months. The appeal brings up for review the fact-finding order dated November 11, 1985, and the denial, after a hearing, of that branch of the appellant's omnibus motion which sought to suppress certain in-court identification testimony of the complainants.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant contends that at the suppression hearing, the court improperly refused to permit testimony concerning a showup at the police precinct, at which time the complainants allegedly identified him. We disagree.

At the hearing, the presentment agency conceded that errors had been made concerning the police precinct showup identification of the appellant by the complainants and agreed not to offer at the trial any testimony concerning this identification. Therefore, the suggestiveness of the showup was not in question and the only issue before the court was whether there was an independent basis to support an in-court identification of the appellant by the complainants. The record sup-

ports the court's determination that there was an independent source for the complainants' identification and accordingly, suppression of the proposed testimony was not warranted *(see, People v Adams,* 53 NY2d 241; *People v Smalls,* 112 AD2d 173).* Thompson, J. P., Lawrence, Weinstein and Harwood, JJ., concur.