■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY BREWER, Appellant.—Kane, J. Appeal from a judgment of the County Court of Franklin County (Plumadore, J.), rendered February 28, 1985, upon a verdict convicting defendant of the crime of murder in the second degree.

The instant case involves a shooting incident which occurred early in the morning on September 2, 1984 and resulted in the death of Bernard Lyon. The facts surrounding the incident as gleaned from pretrial and trial testimony are as follows. The night before the shooting, defendant had brought a small keg of beer to a camp in the Town of Franklin, Franklin County, where two of his friends, Kevin Barboza and Mark Stroyny, were living. Lyon was also there and the four men drank beer and played cards for the evening. Defendant had never met Lyon before. Testimony indicated that Lyon was very intoxicated. Defendant also testified that Lyon kept telling stories of violence which included his being convicted of a violent felony. At one point, Lyon and Barboza got into a wrestling match which Stroyny broke up. Later on, after Stroyny refused to give Lyon any more beer, defendant testified that Lyon advanced toward Stroyny with a knife and that Stroyny fired a shot toward Lyon. Defendant also testified that he then attempted to grab the knife and Lyon again went after Stroyny, at which point defendant retrieved a shotgun and shot Lyon twice. Expert testimony indicated that it was the last shot that killed Lyon. Defendant was charged with and subsequently found guilty after a jury trial of murder in the second degree. This appeal by defendant ensued.

Initially, defendant contends that County Court improperly denied his motion to suppress certain statements he made to the police. After the shooting, defendant drove to a nearby town and called the State Police from a phone booth at about

5:30 A.M. He told them he had "just killed a man in self-defense". The call was tape-recorded pursuant to police procedure. State Troopers Robert De Witt and King Simms, Jr., were sent to investigate. Once at the phone booth, De Witt asked defendant to ride in the police car and direct them to the camp. Defendant agreed. En route to the camp, De Witt asked defendant if he could give them "any information as to what had transpired" and if he knew the identity of decedent. Defendant gave a brief description of the incident. Both officers testified that those were the only questions they asked. However, after a period of time, defendant then made certain statements concerning the shooting. Later, after having investigated the scene, the officers took defendant to the police station. Once at the station, defendant was read his *Miranda* rights for the first time by Investigator George Jacques, who testified that defendant said he understood them. Defendant also admitted that he was read his rights and told that he had a right to an attorney. Defendant then made a statement which was typed and, after he made some corrections, defendant signed it.

With respect to the statements made by defendant to the police while en route to the camp, regardless of whether defendant was in custody, the questions did not constitute interrogation but were merely threshold inquiries designed to clarify the nature of the situation *(see, People v Huffman,* 41 NY2d 29, 34). As to the other statements made by defendant, they were clearly spontaneous and were not prompted by police questions *(see, People v Man Lee Lo,* 118 AD2d 225, 230-231). As to the statement given to Jacques, the record supports County Court's conclusion that defendant was properly advised of his rights and that he knowingly and voluntarily waived these rights *(see, People v Brainard,* 122 AD2d 299, *lv denied* 68 NY2d 913).

Defendant next argues that County Court erred in failing to remove a juror who felt ill after viewing graphic evidentiary photos of Lyon. It was within the court's discretion to determine whether the juror was capable of continuing to serve *(see, People v Pierce,* 97 AD2d 904; *see also,* CPL 270.35). After two recesses, the juror was asked how he felt and he replied that "[t]ime will tell". He was instructed to bring it to the court's attention if he again felt ill. The issue was never raised again. Based on the record before us, we do not find any error in the juror's being permitted to continue to serve *(see, People v Cuevas,* 133 AD2d 504).

We also reject defendant's contention that he should have

been permitted to introduce into evidence the circumstances surrounding Lyon's prior felony arrest and conviction. This concerned defendant's defense of justification and his state of mind at the time of the shooting. Defendant's testimony established that his actual knowledge consisted of only the conviction and not of the circumstances surrounding it. Therefore, County Court properly exercised its discretion in limiting defendant to showing only the conviction (see, Matter of Robert S., 52 NY2d 1046, 1048; People v Miller, 39 NY2d 543).

As to defendant's contention that the prosecution violated the Rosario rule by failing to provide him with a tape recording or transcript of a return telephone call to defendant in the phone booth (see, People v Rosario, 9 NY2d 286, cert denied 368 US 866), we deem this to be without merit. A review of the record reveals that police procedures called only for the taping of incoming calls. Having failed to articulate any factual basis for his assertion that tapes were made of outgoing calls, or that the prosecution was refusing to disclose such tapes, we find no violation of the Rosario rule (see, People v Poole, 48 NY2d 144, 149).

With respect to defendant's claim that County Court substantially misstated the charge on justification, we need only note that a proper objection to the charge was not made and, therefore, the alleged error was not properly preserved for our review (see, People v Murphy, 128 AD2d 177, 185, lv granted 70 NY2d 659; People v Comfort, 113 AD2d 420, 426, lv denied 67 NY2d 760). In any event, any possible error in the questioned charge was corrected when County Court gave a second reading of the charge to the jury.

We have reviewed defendant's remaining contentions and find them to be without merit.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Levine and Harvey, JJ., concur.