■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH ESPOSITO, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Tisch, J.), rendered November 15, 1984, convicting him of attempted burglary in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements to the police.

Ordered that the judgment is affirmed.

The arresting officer testified that upon his arrival at the complainants' house in response to a report of a burglary in progress, he observed a group of people holding the defendant in the driveway area. One of the people holding the defendant had a bat, and another one was holding a rake. The one with the bat told the officer that the defendant was caught breaking into the house, and the officer then separated the defendant from the group and asked him what was going on. In response, the defendant admitted to "peeking in the window" of the complainants' house, but he claimed, inter alia, that he was only on the premises to see if the complainants wanted to sell their car. The defendant's statement was properly admitted since this single question asked of him was not in the nature of an interrogation but was rather a necessary preliminary inquiry "designed to clarify the nature of the situation" (see, People v Huffman, 41 NY2d 29, 34; People v Hampton, 124 AD2d 675, lv denied 69 NY2d 746). Until the officer got everyone's explanation, the appearance of the situation was sufficiently ambiguous to require clarification before taking any police action.

We have considered the defendant's remaining contention and find it to be without merit. Brown, J. P., Kunzeman, Kooper and Balletta, JJ., concur.