■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE SIMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Schwartzwald, J.), rendered March 11, 1983, convicting him of robbery in the first degree (12 counts) and robbery in the second degree (four counts), after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of

those branches of the defendant's omnibus motion which were to suppress identification testimony and statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

On December 30, 1981, the defendant and two codefendants entered a local tavern. Brandishing guns, they announced a robbery and took money and jewelry from the 30 to 40 patrons who were present. When the police arrived and ordered all of the people in the club to exit, the defendant pretended to be a patron. Police questioned each person leaving the bar and, when an officer noted that the defendant was not wearing a coat but was perspiring profusely despite the cold December air, he asked the defendant why he was perspiring. The defendant replied that he did not know and that he was merely a patron having a drink with another man.

Since the police were unable to ascertain who were the victims and who were the perpetrators, a city bus was commandeered to transport everyone from the bar to the precinct. The defendant was identified as one of the robbers upon arrival at the precinct. As the patrons walked through the precinct, they were able to view the defendant in the holding cells.

Addressing the defendant's initial contention that suppression of his statement to police should have been granted, we note that the critical standard to be applied is whether the police have engaged in "custodial interrogation" and the mere fact that an answer was elicited in response to a police officer's question is not dispositive. Custodial admissions are not suppressible unless produced by a process of interrogation designed to elicit statements from a defendant. There is no constitutional requirement that interrogation warnings be given when police direct questions or comments at members of the public (see, People v Huffman, 41 NY2d 29).

In light of the fact that police were aware of an armed robbery with innocent patrons being held hostage by one or more gunmen, it was proper for the officer to make inquiry of the defendant. The defendant's statement was admissible as it resulted from a threshold police inquiry during an investigation at the scene of a crime. The question was designed to clarify the situation rather than to obtain a confession and was therefore proper (see, People v Esposito, 138 AD2d 733; People v Reed, 123 AD2d 333).

The next argument proffered by the defendant is identical

to that advanced by his codefendant Steve Lawrence and rejected by this court in *People v Lawrence* (143 AD2d 1045). We hold today, as we did in *People v Lawrence (supra)*, that the pretrial identification procedures were not unduly suggestive. Although the patrons of the bar observed the defendant in the holding cells at the precinct, these showups were not the result of any improper police activity. The record reveals that there was considerable confusion as the customers from the club were brought to the precinct in handcuffs and the police were attempting to sort out who were the victims and who were the perpetrators. Accidental or unarranged showups at the police station are not unnecessarily or impermissibly suggestive when they are unavoidable and not attributable to any misconduct on the part of the police or the prosecutor *(see, People v Davis,* 134 AD2d 510; *People v Decker,* 134 AD2d 511; *People v Hampton,* 129 AD2d 736; *People v Musial,* 120 AD2d 682, *lv denied* 68 NY2d 815; *People v Lopez,* 118 AD2d 873, *lv denied* 68 NY2d 670).

The exhibition of photographs of the defendant and the two codefendants to six of the numerous club patrons for the purpose of ascertaining the roles played by each was confirmatory and not improper. They resulted from the witnesses' own observations regarding the incident *(see, People v Laguer,* 58 AD2d 610). In any event, we conclude that an independent basis existed for the identifications *(see, People v Adams,* 53 NY2d 241; *People v Smalls,* 112 AD2d 173).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]). Kunzeman, J. P., Rubin, Eiber and Rosenblatt, JJ., concur.