■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES BAIRD, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that the circumstantial evidence was not legally sufficient to support his conviction of arson in the second degree (Penal Law § 150.15). Viewing the evidence, as we must, in the light most favorable to the People and granting it all reasonable inferences (see, *People v Ford,* 66 NY2d 428, 437) we conclude that a valid line of reasoning existed to sustain the jury verdict (see, *People v Flick,* 147 AD2d 957, *lv denied* 73 NY2d 921; *People v Sundholm,* 105 AD2d 1072; *People v Feuerstein,* 74 AD2d 853). Defendant further contends that the suppression court erred in failing to suppress his statement to the police, which he alleges was the product of a custodial interrogation. Before defendant was questioned by the police, he was in his parole officer's office and was advised that a detective wanted to talk to him concerning the fire that had occurred earlier that morning at his apartment. The parole officer asked defendant to wait for the police officer. Defendant complied and, approximately 15 minutes later, the detective arrived at the parole office. The detective asked defendant whether anyone else was in his apartment that morning, to which he responded, "no". Defendant was then given his *Miranda* warnings and waived his rights. The detective asked defendant if he would accompany him to the police station for a formal statement and defendant agreed. Defendant was further advised by the detective that he would take him wherever he desired to go after his statement was taken at headquarters. Defendant was neither

placed under arrest, nor was any force or coercion used by the detective or parole officer to compel defendant to accompany the detective to police headquarters. The detective testified that defendant was free to leave.

The suppression court found that defendant was not in custody at the time he made his statements to the police. That determination must be accorded great weight and should not be overturned unless unsupported by the record (see, *People v Prochilo*, 41 NY2d 759, 761; *People v Leonti*, 18 NY2d 384, 390, *cert denied* 389 US 1007). Defendant contends that the probation officer's request that he wait for the detective transformed this into a custodial interrogation. We disagree. The test for determining whether a defendant is in custody is whether a reasonable man, innocent of any crime, would have thought he was in custody had he been in defendant's position (*People v Yukl*, 25 NY2d 585, 588, *cert denied* 400 US 851). Here, since defendant's apartment had been the scene of a fire earlier that morning, it was only reasonable that the police would conduct investigatory questioning of defendant. Further, there was no force or coercion used by police in questioning defendant. Given these circumstances, we conclude that a reasonable man would not have thought that he was in custody and the mere fact that defendant's parole officer asked him to wait to talk to the detective does not alter this result (see, *People v Yukl, supra; People v Dyla*, 142 AD2d 423, 430-431; *but see, People v Moore*, 79 AD2d 619, 620).

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from judgment of Erie County Court, McCarthy, J.—arson, second degree.) Present—Denman, J. P., Green, Pine, Balio and Lawton, JJ.