■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE QUICK, Appellant.—

Contrary to the defendant's contentions, the lineup procedure employed was proper and not "so unnecessarily suggestive and conducive to irreparable mistaken identification that [the defendant] was denied due process of law" *(Stovall v Denno,* 388 US 293, 302). All of the other participants in the lineup were approximately the same age, weight and build as the defendant and had similar skin tones and hairstyles *(see, People v Mattocks,* 133 AD2d 89; *People v Cunningham,* 110 AD2d 708, 709). The defendant's argument that the lineup was rendered unnecessarily suggestive because of his height is without merit, and is inconsistent with the position adopted

by him before the hearing court. Moreover, although the witness testified that she also viewed the lineup participants standing, she could not recall if the defendant appeared to be taller than the other participants.

The defendant was not entitled to counsel at the lineup. A person merely suspected of having committed a crime is not entitled to have counsel present during investigatory corporeal identification procedures *(People v Hawkins,* 55 NY2d 474, 487, *cert denied* 459 US 846; *People v Cunningham, supra).* We further note that there was no testimony that the defendant requested the presence of counsel at the lineup, and when the defendant's counsel contacted the precinct he was advised that the lineup was being conducted.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, the defendant's challenge to the testimony of certain of the People's witnesses involves issues of credibility, which are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have reviewed the defendant's remaining contentions and find them to be unpreserved for appellate review or without merit *(see,* CPL 470.05 [2]). Lawrence, J. P., Rubin, Sullivan and Balletta, JJ., concur.