◾ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO SANTIAGO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered July 8, 1987, convicting him of rape in the first degree, sexual abuse in the third degree (three counts), burglary in the first degree, menacing, and coercion in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

On March 27, 1986, the defendant employed a ruse to gain entry to an apartment in Brooklyn and, after drawing a gun, menaced and coerced the two women therein for approxi-

mately 30 minutes. After leaving the apartment, the defendant encountered a woman in the street and asked if she would like to care for his parrot. The defendant forced the woman to the rooftop of a building and raped and sexually abused her for approximately one hour.

The defendant was not entitled to counsel at the lineup. "A person merely suspected of having committed a crime is not entitled to have counsel present during investigatory corporeal identification procedures *(People v Hawkins,* 55 NY2d 474, 487, *cert denied* 459 US 846; *People v Cunningham,* 110 AD2d 708, 709)" *(People v Quick,* 158 AD2d 625, 626).

The court correctly determined that although two witnesses saw the defendant sitting alone in a holding cell before viewing the lineup, the suppression of their in-court identifications of the defendant was not warranted in light of the independent source each had for identifying him. "Accidental or unarranged showups at the police station are not unnecessarily or impermissibly suggestive when they are unavoidable and not attributable to any misconduct on the part of the police or the prosecutor *(see, People v Davis,* 134 AD2d 510; *People v Decker,* 134 AD2d 511; *People v Hampton,* 129 AD2d 736; *People v Musial,* 120 AD2d 682, *lv denied* 68 NY2d 815; *People v Lopez,* 118 AD2d 873, *lv denied* 68 NY2d 670)" *(People v Sims,* 150 AD2d 402, 404). Although the leading of the witnesses "past defendant's cell was apparently unintentional, it was clearly the product of questionable police practice and was unduly suggestive even if purely accidental" *(People v Smalls,* 112 AD2d 173, 174). However, "even if an identification is the product of a suggestive showup, a witness will nonetheless be permitted to identify the defendant in court if that identification is based on an independent source *(People v Adams,* [53 NY2d 241,] 251). Such an independent source supports the [witnesses'] in court identification[s] of the defendant" *(People v Smalls, supra,* at 174). One witness saw and spoke to the defendant on her way out of her building in a well-lit hallway for approximately 3 to 5 minutes. During the conversation, the witness was about two feet from the defendant and saw his face clearly. Once she left the building, she had an unobstructed view of the defendant's face in the sunlight on a bright day. The rape victim also had an ample opportunity to observe the defendant face-to-face on a rooftop on a clear, sunny day in an incident which lasted approximately an hour.

The defendant's contention that the lineup identifications were tainted because the other men in the lineup were taller,

heavier, and younger than he is based upon trial testimony. Since the propriety of a denial of a motion to suppress must be judged on the evidence before the suppression court, the defendant's argument rests upon improper grounds and must be rejected (see, People v Smith, 134 AD2d 382). In any event, " 'there is no requirement that a defendant in a lineup be surrounded by individuals nearly identical in appearance' " (People v Wiley, 137 AD2d 735; see, People v Rodriguez, 124 AD2d 611). As long as there is a sufficient degree of resemblance between the fillers and the defendant, the constitutional proscription against unduly suggestive identification procedures will be satisfied (see, People v Thompson, 143 AD2d 858; People v Allah, 158 AD2d 605; see also, People v Chipp, 75 NY2d 327).

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we find that the verdict of guilt was not against the weight of the evidence.

The defendant's sentence was not excessive (see, People v Suitte, 90 AD2d 80).

We have considered the defendant's remaining contentions, including those raised in his supplemental pro se brief, and find them to be without merit. Thompson, J. P., Rubin, Rosenblatt and Miller, JJ., concur.