■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v TYRONE STRUDWICK, Respondent.—Order modified on the law and as modified affirmed and matter remitted to Chautauqua County Court for further proceedings, in accordance with the

following Memorandum: This is an appeal by the People from an order which granted defendant's motion to suppress his pretrial identification, any in-court identification of defendant, defendant's confession and any physical evidence seized as a result of a search of defendant's home.

County Court improperly concluded that the pretrial identification of defendant while he was in the police reception area of the police station/court house just prior to the preliminary hearing was "not inadvertent", was impermissibly suggestive, and had to be suppressed. While showup identifications of arrested persons held at police stations are unreliable as a matter of law and the evidence will be inadmissible unless exigency warrants otherwise (People v Riley, 70 NY2d 523), an accidental or inadvertent identification of defendant which was not occasioned by any improper conduct on the part of law enforcement officials is not unnecessarily or impermissibly suggestive and does not violate defendant's right to due process (see, People v Sims, 150 AD2d 402, 404, lv denied 74 NY2d 747; see also, People v Santiago, 163 AD2d 539, 540, lv denied 76 NY2d 944). The record at the suppression hearing conclusively establishes that the victim's observation of defendant at the police station just prior to the commencement of the preliminary hearing was completely accidental or inadvertent and was not occasioned by any improper conduct on the part of law enforcement officials. Thus, the hearing court erred in suppressing the victim's pretrial identification of defendant.

Moreover, even if the pretrial identification of defendant can be found to be suggestive, a witness will nevertheless be permitted to make an in-court identification of defendant if that identification is based on an independent source (see, People v Riley, supra, at 531; People v Adams, 53 NY2d 241, 251; People v Santiago, supra; People v Smith, 109 AD2d 1096, 1098). Here, the victim testified that he had an opportunity to observe defendant's face at close range when he leaned into the victim's car with the dome light on and demanded that the victim give him the money bag. The victim was able to provide the police with a good physical description of the robber. Although the victim would not commit himself to a positive identification of defendant, he testified that he was "quite sure" he could identify him based upon what he observed that evening. Thus, the People sufficiently established that there was a reliable independent source for the victim's identification of defendant at trial (see, People v Ballott, 20 NY2d 600, 606; People v Smith, supra) and the hearing court erred in suppressing any in-court identification of defendant.

County Court's conclusion that the police did not "scrupulously honor" defendant's assertion of his *Miranda* rights *(see, Michigan v Mosley,* 423 US 96, 104; *People v Dean,* 47 NY2d 967; *People v Grant,* 45 NY2d 366, 373) is supported by the record. Accordingly, the court properly granted defendant's motion to suppress his confession and any physical evidence which was seized as a result of that confession.

All concur, except Denman and Lawton, JJ., who dissent in part and vote to affirm, in the following Memorandum.

Denman and Lawton, JJ. (dissenting). We respectfully dissent from the majority's determination that the showup at the police station does not require the victim's pretrial identification to be suppressed. Collins, the victim of the robbery, was summoned to the building housing the police station, the courtroom and administrative offices, and was directed to the downstairs area where the patrol room was located. While waiting to confer with the assistant district attorney, he was seated in the patrol room on a bench which was ordinarily used for prisoners who were being booked and awaiting arraignment. Subsequently, while Collins was conferring with the prosecutor in a room across the hall, defendant and his codefendant were brought in and manacled to the bench. When their conference was finished, the prosecutor told Collins to wait "back there". Returning to the patrol room, Collins saw defendant and the codefendant seated on the bench and recognized them as the men who had robbed him.

We agree with the suppression court that the showup was not inadvertent, was impermissibly suggestive and should be suppressed *(see, People v Riley,* 70 NY2d 523; *People v Adams,* 53 NY2d 241). (Appeal from Order of Chautauqua County Court, Adams, J.—Suppress Evidence.) Present—Callahan, J. P., Denman, Balio, Lawton and Davis, JJ.