■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIL PAZIR AHMED, Also Known as DILPAZIR AHMED, Appellant. —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Chetta, J.), rendered July 21, 1988, convicting him of attempted rape in the first degree, sodomy in the first degree (two counts), sexual abuse in the first degree (three counts), unlawful imprisonment in the first degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The hearing court properly declined to suppress the complainant's proposed identification testimony. Contrary to the defendant's claim, the lineup procedure was not "unnecessarily suggestive and conducive to irreparable mistaken identification" (Stovall v Denno, 388 US 293, 302) because he was one of only two Pakistanis in the lineup, and he was taller than the other Pakistani. There is no requirement that a defendant in a lineup be surrounded by individuals nearly identical in appearance (see, People v Chipp, 75 NY2d 327, 336, cert denied — US —, 111 S Ct 99; People v Rotunno, 159 AD2d 601). Although the other participants in the lineup were of Hispanic origin, they were similar in appearance to the defendant since each had a dark skin tone and dark brown hair. Moreover, although the complainant testified that she viewed the lineup participants standing, as well as sitting, she could not recall if the defendant appeared to be taller than the other participants (see, People v Quick, 158 AD2d 625). In any event, any error that may have occurred by the admission of the complainant's testimony concerning the lineup was harmless. The complainant testified that she had an unobstructed view of the defendant at close range during the course of the incident, which took place over a period of 20 to 25 minutes. Additionally, about one month after the incident, the complainant recognized the defendant in a supermarket, which observation eventually led to his arrest.

We also find that the defendant was not prejudiced by the trial court's refusal to supplement its charge in the manner he requested on the issue of the identity of the perpetrator (see, People v Beard, 157 AD2d 788, 789). "The charge as given adequately covered the issue" (People v Beard, supra, at 789). Thompson, J. P., Bracken, Lawrence and Eiber, JJ., concur.