■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SYLVESTER MALLORY, JR., Appellant.—Judgment unanimously affirmed. Memorandum: Defendant's motion to suppress certain oral and written statements made to the police was properly denied. The statements made by defendant in the police vehicle resulted from a threshold police inquiry "designed to clarify the nature of the situation" rather than to obtain a confession *(People v Huffman,* 41 NY2d 29, 34). Thus, those statements were not the product of custodial interrogation to which *Miranda* warnings are applicable *(see, People v Huffman, supra; People v Stackhouse,* 160 AD2d 822, 823, *lv denied* 76 NY2d 865; *People v Sims,* 150 AD2d 402, 403, *lv denied* 74 NY2d 747; *People v Smith,* 150 AD2d 738, 739, *lv*

*denied* 74 NY2d 819; *People v Esposito,* 138 AD2d 733; *People v Brewer,* 136 AD2d 831, 832, *lv denied* 71 NY2d 966). The record supports the suppression court's determination that, at the police station, defendant was fully apprised of his *Miranda* rights and that he knowingly, voluntarily and intelligently waived those rights and gave oral and written statements *(see, People v Brainard,* 122 AD2d 299, *lv denied* 68 NY2d 913).

The admission into evidence of a photograph of the murder victim was proper *(see, People v Bell,* 63 NY2d 796; *People v Pobliner,* 32 NY2d 356, *cert denied* 416 US 905). Finally, the sentence imposed was not harsh and excessive. (Appeal from Judgment of Erie County Court, D'Amico, J.—Murder, 2nd Degree.) Present—Boomer, J. P., Pine, Balio, Lawton and Davis, JJ.