People v Carmona (2019 NY Slip Op 00240)





People v Carmona


2019 NY Slip Op 00240


Decided on January 15, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2019

Sweeny, J.P., Richter, Kapnick, Gesmer, Kern, JJ.


8115 1348/09

[*1]The People of the State of New York, Respondent, 
v
Diego Carmona, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Daniel R. Lambright of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Lori Ann Farrington of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Caesar D. Cirigliano, J. at suppression hearing; John W. Carter, J. at jury trial and sentencing), rendered April 3, 2013, convicting defendant of attempted robbery in the second degree, and sentencing him to a term of 2½ years, unanimously affirmed.
The record supports the suppression court's determination that the lineup procedure was not unduly suggestive (see generally People v Chipp, 75 NY2d 327, 336 [1990], cert denied 498 US 833 [1990]). Our review of photographs of the lineup reveals that the difference in ethnicity between defendant and the fillers was not reflected in their actual appearances, and that there was no significant disparity in appearances that would
single defendant out (see People v Rodriguez, 52 AD3d 399 [1st Dept 2008], lv denied 11 NY3d 834 [2008]; People v Ahmed, 173 AD2d 546, 547 [2d Dept 1991], lv denied 78 NY2d 1073 [1991]). Defendant's argument that the lineup was nevertheless suggestive from the victim's point of view is unsupported by the hearing record.
Defendant did not preserve his specific present challenges to the admission of the victim's lineup identification at trial under CPL 60.25, and we decline to review them in the interest of justice. As an alternative holding, we conclude that the People laid a sufficient foundation under that statute (see People v Bayron, 66 NY2d 77, 81 [1985]; People v Mendoza, 293 AD2d 326 [1st Dept 2002], lv denied 98 NY2d 678 [2002]), and the victim's testimony that he was sure of his identification at the time of the lineup was proper (see People v Jamerson, 68 NY2d 984, 986 [1986]).
Although the better practice in this case, where a single eyewitness identification was the only evidence linking defendant to this crime, would have been to grant defendant's request for an identification charge that discussed the weapon focus effect and memory decay as factors affecting the reliability of eyewitness identification, the trial court did not abuse its
discretion in failing to do so (People v Boone, 30 NY3d 521, 537 [2017]). We find that the court sufficiently instructed the jury on the subject of identification (People v Lopez, 1 AD3d 168, 169 [1st Dept 2003], lv denied 1 NY3d 598 [2004]; see also People v Whalen, 59 NY2d 273, 279 [1983]), particularly since the court generally followed the Criminal Jury Instructions (see People v Vaughn, 132 AD3d 456, 457 [1st Dept 2015], lv denied 26 NY3d 1151 [2016]).
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d [*2]342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning identification and credibility. The evidence supports the conclusion that the victim had an adequate opportunity to observe defendant during the crime.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 15, 2019
CLERK